LUCY CORRIVEAU *v.* FRANCIS COOK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 6—decided November 26, 1946

*George Miske,* for the motion (representing the plaintiff-appellant).

*David M. Reilly,* against the motion (representing the defendant-appellee).

MALTBIE, C. J.  In this action to recover damages for alleged negligence of the defendants in the opertion of an automobile, the jury returned a verdict in their favor and the plaintiff made a motion to set it aside.  This motion was denied July 15, 1946.  The plaintiff filed a notice of intention to appeal and on September 13, 1946, an appeal from the decision of the trial court upon the motion to set the verdict aside and from the judgment.  On the same day she made a motion for extension of time in which to file a draft finding which was signed only by the attorney who tried the case and which stated that a transcript of the record had been ordered in order to enable her to prepare a draft finding.  On September 17, 1946, the court denied this motion, stating that no extension of time in which to file a request for a finding was sought and that, in fact, no transcript of the record had been ordered.  On September 23, 1946, the plaintiff sent to the clerk an assignment of errors based on the denial of the motion to set the verdict aside.  On September 24, 1946, the plaintiff made another motion for extension of time in which to file the evidence; this motion recited that on September 13 she had ordered a transcript of the evidence.  The motion was signed by the counsel who had tried the case and by another attorney who appeared before

us but who had entered his appearance on the day last mentioned and who relied no doubt upon the former as to truth of the allegations of the motion. On October 22, 1946, the trial court filed a memorandum reciting in substance the facts we have stated and also that no transcript of the evidence had in fact been ordered until September 23. It ordered the plaintiff's assignment of errors sent the clerk on September 24 and the request for a finding sent him on September 25 stricken from the files and denied the motion to extend the time for filing the evidence. The matter comes before us upon a motion that we order the trial court to make a finding and to certify the evidence. This motion is signed only by the counsel for the plaintiff who entered his appearance on September 13.

In *Lesser* v. *Lesser,* a case not reported, counsel for the defendant, who was appealing, sought an extension of time "for filing the draft finding" which the trial court granted. The plaintiff filed a plea in abatement principally upon the ground that no extension of time had been granted for filing a request for a finding. We held that the request for a finding was under the rules necessarily involved in the proceedings to secure a finding and that the grant of permission to file a draft finding impliedly included a request for a finding. In this case the motion for an extension of time to file a draft finding would, by a similar process of reasoning, necessarily involve permission to file a request for a finding, and the trial court in granting the motion could have included the filing of the request. The denial of the motion upon the basis of the failure of the plaintiff to request an extension of time for filing a request for a

finding would have been entirely too technical an application of the rules.

It appears from the memorandum of the trial court that the real basis of the denial of both motions for extension was the untruthful allegation that a transcript of the evidence had been ordered from the stenographer on or before September 13, when, in fact, at the time of the first request for an extension no transcript had been ordered, and at the time of the second it had not been ordered until the day before the motion was made. These untrue statements were ample reason for the trial court to refuse to grant the extensions. The motion made to us for an order that it make a finding and certify the evidence is denied.

We note that the defendants, both in the Superior Court and in this court, filed various motions addressed to those filed by the plaintiff, asking that the latter be denied or stricken from the files. Such motions were entirely unnecessary, merely cumbered the record, and added to the work of the clerks. If the defendants desired to present reasons why any of the plaintiff's motions were improper or should not be granted, they could have advanced them orally upon a hearing or in writing, with a copy given or sent to plaintiff's counsel.

In this opinion the other judges concurred.